IN RE ESTATE OF ELIZABETH COOK BARKER, DECEASED.
WASHINGTON, et al. *v.* BARKER, ADMR.

No. 41110 April 13, 1959 110 So. 2d 615

*Scales & Scales, Pyle & Tucker,* Jackson, for appellants.

*Hugh B. Gillespie, Jr.,* Raymond; *Geo. W. Haynes,* Utica, for appellee.

HALL, J.

This suit involves the respective claims of the appellants and the appellee to the estate of Elizabeth Cook Barker, deceased. The appellants claim the estate as the mother and two sisters of the deceased, and the appellee claims it as the common-law husband of the deceased.

The record discloses that the deceased was married to Guy Cook on June 23, 1917, at Natalbany, Louisiana. Shortly afterward Guy Cook entered the military service

of the United States and remained in the service until the year 1919 and they lived together at Natalbany for about 4 years, when they separated. About the year 1920 the deceased took up with a man by the name of Willie Rankin and they lived together for a while at Natalbany and in 1922 they moved to Taylor County, Florida, where they continued to reside together until 1924, after which they returned to Louisiana and lived in New Orleans together in 1929 to 1931; then they moved to St. Helena Parish, Louisiana, where Willie contracted to buy 20 acres of land. After which they returned to New Orleans in 1932, during which year the deceased left Willie and came to Mississippi.

She first resided in Edwards, Mississippi, where she eventually started living with a man named George A. Barker. In the meantime, her first husband, Guy Cook, was committed to the U. S. Veterans Hospital in Tuskegee, Alabama, for mental illness, and he there remained until the date of his death in 1949.

In the meantime the deceased was informed in 1946 that Guy Cook was dead and on June 5, 1946, the deceased and George A. Barker entered into a ceremonial marriage in Hinds County, Mississippi, and they continued to live together as husband and wife until the date of her death in 1956.

At all times since their ceremonial marriage George Barker and the deceased held themselves out to the public as being married and as being husband and wife. They executed deeds of trust as husband and wife, were listed by the U. S. Census records in 1950 as living together as husband and wife. They carried a joint account in the Bank of Edwards as husband and wife, she acquired some property which was assessed to her under the name of Elizabeth Barker and she paid the taxes thereon and continuously held themselves out to the public and were regarded as husband and wife. The chancellor found and was abundantly supported by the evidence in the record

that the marriage in 1946 was in good faith and that even though the deceased was lawfully married to Guy Cook in the year 1946, nevertheless this impediment was removed upon the death of Guy Cook in the year 1949, and that the living together as husband and wife continously following the death of Guy Cook in 1949 up until the death of Elizabeth Cook Barker in 1956 caused the establishment of a common-law marriage between Elizabeth Cook Barker and George A. Barker, and a decree was entered accordingly, from which the mother and sisters of the deceased appeal.

██ █As we have stated, the evidence to support the findings of the chancellor is abundant and the only question of law in the case is whether or not the continuation of cohabitation after the ceremonial marriage in 1946 could constitute a common-law marriage contracted in good faith without a new agreement to be husband and wife. On this point numerous sections of American Jurisprudence are cited, but we think the decisions of our own court are controlling. In the case of Sims v. Sims, 122 Miss. 745, 756, 85 So. 73, this Court discussed the question of impediments to a valid common-law marriage and held that a new agreement after removal of the impediment is not necessary. Quoting briefly from that case, the Court said: "There has been considerable discussion as to whether a new marriage agreement must be entered into upon the removal of an impediment to a valid marriage of persons cohabiting as husband and wife. The cases dealing therewith seem to be divided into three classes, as will appear from a collation thereof in note to Turner v. Williams, 3 A. R. C. 165, and 18 R. C. L. 436. The first class, which seems to be in the majority, holding that no such new agreement is necessary in any case; the second, that no such new agreement is necessary where the marriage void because of an impediment thereto was contracted in good faith; and the third, and this class seems to be in the

minority, that such new agreement is necessary in all cases.''

The decision in the Sims case was attacked in the case of Sykes v. Sykes, 162 Miss. 487, 139 So. 853, and the Court adhered to the rule announced in the Sims case.

The decree of the lower court is accordingly affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.